UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANTEL CANNON AND SHELDON CANNON | CIVIL ACTION |
| VERSUS | NO. 08-1397 |
| THE DOW CHEMICAL COMPANY | SECTION C (4) |

## ORDER AND REASONS

This removed matter comes before the court on the issue whether subject matter jurisdiction exists under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332 (d) ("CAFA"). Having reviewed the record, the memoranda of counsel, and the law, the Court has determined that remand is appropriate for the following reasons.

**I. BACKGROUND**

Plaintiffs filed this putative class action in the Twenty-Ninth Judicial District Court, St. Charles Parish, Louisiana alleging damages resulting from a chemical release from the Union Carbide facility in Taft, Louisiana. In their complaint, Plaintiffs did not identify the chemical substances allegedly released, nor did they specify the offending effects produced by these substances beyond generic medical, physical, mental, and economic damages. Furthermore, no dollar value was attributed to these tort claims in accordance with Louisiana law. La. Code Civ. Proc. Art. 893. Also, Plaintiffs did not specify that the damages incurred would fall under a certain dollar amount. The complaint stated that until a more precise determination could be made, the class would consist of "all persons and entities located on the west bank of St. Charles

1

Parish on February 9, 10 or 11, 2008 and who sustained property damage, personal injuries, emotional, mental or economic damages and/or inconvenience or evacuation as a result of the incident." (Rec. Doc. 1, Exhibit A, p. 7).

Defendant filed a timely notice of removal alleging subject matter jurisdiction pursuant to CAFA. Plaintiffs and Defendant filed subsequent memoranda in support of, and in opposition to, subject matter jurisdiction under CAFA. The test for jurisdiction under CAFA is (1) a class of no fewer than 100 members; (2) minimal diversity between the parties; and (3) an amount in controversy of no less that $5,000,000.00. 28 U.S.C. § 1332 (d). In their memoranda, the parties do not dispute that the first two parts of the test are satisfied. Additionally, the parties do not allege that any of the exceptions of CAFA apply. Thus, the court turns to the third part of the test.

**II. LAW AND ANALYSIS**

Regarding the existence of the jurisdictional minimum, the parties may not consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.,* 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In non-CAFA cases, the burden is on the removing party to prove by a preponderance of the evidence that the jurisdictional minimum exists. *Luckett*, 171 F.3d at 298.

This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* The Fifth Circuit has not specifically indicated, however, which party bears the responsibility of this task in cases removed under CAFA. Nevertheless, both parties rely on and accept *Patterson v. Dean Morris, L.L.P.*,[1] in support of the Fifth Circuit's application of these traditional principles to CAFA cases. Additionally, the Defendant puts forth decisions from the Second, Third, Sixth, Seventh, Ninth, and Eleventh Circuits that apply the burden of proving the three requirements of CAFA to the party seeking removal. (Rec. Doc. 6, p. 4).

Applying this standard, it must be determined whether Defendant has met the burden of proving that the amount in controversy is over $5,000,000.00. Defendant notes that the Fifth Circuit has not specifically addressed the standard of proof required to prove the amount in controversy in CAFA cases, but refers to non-CAFA diversity cases that apply a preponderance of the evidence standard when the amount in controversy is not facially apparent from the complaint. (Rec. Doc. 6, p. 4, 5). Here, neither party claims that the jurisdictional minimum is apparent from the face of the complaint. Therefore, the Defendant must prove by a preponderance of the evidence that the amount in controversy is over $5,000,000.00. The removing party, however, must satisfy this burden "by setting forth *the facts* in controversy" that support its position. *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir.

---

[1] 448 F.3d 736, 739 (5th Cir. 2006) (recognizing the "well established rule that the proponent of removal bears the burden of persuasion").

1995)). "The preponderance burden forces the defendant to do more than point to state law that *might* allow the plaintiff to recover more that what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional minimum.]" *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (emphasis in original) (footnote omitted). Moreover, "[r]emoval . . . cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335 (quoting *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant has not met the standard to prove by a preponderance of the evidence that the jurisdictional minimum is satisfied. Defendant relies on *Frazier v. Pioneer Americas, LLC*[2] to support its conclusion. In *Frazier*, the Fifth Circuit noted that it was satisfied that a complaint where at least 500 people sought damages for severe injuries, plus attorneys fees made it facially apparent that $5,000,000.00 was in controversy. *Id*. Defendant's analogy to this case is unconvincing. The complaint in *Frazier* not only numerically identified the potential class, but also specifically named the toxic gas released as mercury, and further listed a myriad of medical conditions and other damages that may result from mercury poisoning. This specificity bore the ability to presume that the damages could amount to the jurisdictional minimum. Here, however, Defendant's speculative assertions use population estimates (which Plaintiffs point out do not take into account those *actually* injured by the chemical release) multiplied by dollar amounts derived from what other courts have held to be appropriate damages in situations both similar and different from the instant case.

Furthermore, Defendant misstates the finding in *Dixon v. Nan Ya Plastics Corp.*, 2007 WL 4561136 (M.D. La. 12/20/2007). In that case, Defendant claims that the Court found that the

---

[2] 455 F.3d 542, 545 (5th Cir. 2006).

jurisdictional minimum under CAFA was satisfied by similar allegations to those made in this case. (Rec. Doc. 6, p. 8). However, in *Dixon* the court found that jurisdiction was grounded in 28 U.S.C. § 1332(a)(1), not CAFA, and stated that it was "not necessary to extensively discuss" CAFA jurisdiction. *Id*. at *5. Additionally, the court noted that under CAFA, "there is no indication from the petition that any individual or group of individuals suffered such severe damages that the amount in controversy, including those severely damaged individuals, along with lesser damaged members of the class, would more likely than not exceed five-million ($5,000,000.00) dollars." *Id*.

The law requires facts that prove by a preponderance of the evidence that the jurisdictional minimum exists. Yet, Defendant relies on speculative population estimates and assumed damages. These assertions do not rely on facts and amount to conclusory allegations. Indeed, Defendant's estimate is based on the entire population of St. Charles Parish in their memorandum,[3] not the putative class as defined by the Plaintiffs.[4]  To reach the conclusion that the jurisdictional minimum was satisfied, the court would need "to engage in impermissible speculation - evaluating without the benefit of any evidence [of] the value of individual claims." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007).

Based on the record and the law, the Court finds that the defendant has not established

---

[3] Defendant listed the 2000 census data for St. Charles Parish in their memorandum, identifying the population as 48,072. (Rec. Doc. 6, p. 2). In the Notice of Removal, however, Defendant listed the 2000 census data for the *west bank* of St. Charles Parish, identifying the population as 23,991. (Rec. Doc. 1, ¶ 6).

[4] Plaintiffs submit that their proposed class definition compromises only those persons or entities located on the west bank of St. Charles Parish who sustained damages, not the entire west bank of St. Charles Parish as the Defendant suggests. (Rec. Doc. 7, p. 3).

subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. *See: Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco*, Inc., 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, § 3739.

### III. CONCLUSION

IT IS ORDERED that this matter is REMANDED to the Twenty-Ninth Judicial District Court for the Parish of St. Charles, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1332 (d).

New Orleans, Louisiana, this 30th day of May, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE